UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA RILEY-JACKSON,

                Plaintiff,                            No. 13-cv-12538

vs.                                       Hon. Gerald E. Rosen

OCWEN LOAN SERVICING, LLC, and
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR ARGENT
SECURITIES, INC., ASSET-BACKED PASS-
THROUGH CERTIFICATES, SERIES 2004-W1,

                Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on October 18, 2013

PRESENT:Honorable Gerald E. Rosen
United States District Chief Judge

I.  INTRODUCTION

      This mortgage foreclosure case is presently before the Court on the Fed. R. Civ. P.

12(b)(6) Motion to Dismiss filed by Defendants Deutsche Bank National Trust Company,

as Trustee for Argent Securities, Inc., Asset-Backed Pass-Through Certificates, Series

2004-W1 ("Deutsche Bank") and Ocwen Loan Servicing, L.L.C. ("Ocwen").  Plaintiff

Angela Riley-Jackson, through counsel, responded to Defendants' motion, and

Defendants have replied.  Having reviewed and considered the parties' briefs and supporting exhibits, the Court has determined that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion.  Accordingly, the Court will decide Defendants' motion "on the briefs."  See L.R. 7.1(f)(2).  This Opinion and Order sets forth the Court's ruling.

## II.  FACTUAL BACKGROUND

On March 27, 2002, Plaintiff Angela Riley-Jackson purchased a condominium located at 25083 Constitution Avenue in Warren, Michigan.  A warranty deed evidencing Riley-Jackson's interest in the property was recorded with the Macomb County Register of Deeds on June 5, 2002.  Thereafter, on November 18, 2003, Plaintiff executed an Adjustable Rate Note in the amount of $223,250.00 and as security for the note, she executed a mortgage encumbering the Constitution Avenue property, which was recorded on January 14, 2004.[1]  Both the Note and the Mortgage were executed in favor of the

---

[1]  Plaintiff did not attach the Note as an exhibit to her Complaint.  However, a document not formally incorporated by reference or attached to a complaint may be provided by the defendant and properly considered part of the pleadings when the document is referred to in the complaint and is central to the plaintiff's claim. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). Thus, "a defendant may introduce certain pertinent documents if the plaintiff fails to do so." *Weiner, supra*; *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) ("[I]f the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit.")  The court may also take judicial notice of publicly filed documents. Fed. R. Evid. 201.

lender, Argent Mortgage Company, LLC ("Argent").

Pursuant to a February 1, 2004 Pooling and Servicing Agreement, on February 11, 2009, Argent assigned Plaintiff's mortgage to Deutsche Bank - Santa Ana, CA. Subsequently,  on April 19, 2012, Deutsche Bank Santa Ana, CA re-assigned the mortgage to Deutsche Bank - Irving, TX.  Both assignments were duly recorded with the Macomb County Register of Deeds.

Plaintiff defaulted on the Note when there was still $236,457.22 due and owing. On January 15, 2013, pursuant to M.C.L. § 600.3205a(1), she was notified that foreclosure proceedings would commence unless within 30 days of the date of the notice, she contacted either Deutsche Bank's designated agent (Potestivo & Associates, P.C. - Home Retention Department) or an approved housing counselor and requested a meeting to negotiate a loan modification.  *See* Defendants' Ex. 5.  Along with this notice, Plaintiff was provided with a Michigan State Housing Development Authority list of approved housing counselors.  *See id.*

The notice further advised Plaintiff:

If you request a meeting with the Designated Agent, then within 10 days of the request, we will send you a list of documents that will need to be returned so that the meeting can be conducted.  If all documents requested are executed, completed and returned to the Designated Agent with[in] 60 days from the date of this notice, then foreclosure proceedings will not be commenced until at least 90 days from the date of this notice.  If requested documents are not returned within 60 days from the date of this notice, then foreclosure may proceed.  If an agreement to modify the mortgage loan is reached and you abide by the terms of the agreement, the mortgage will not be foreclosed.  If an agreement to modify the mortgage loan is not reached and it is determined that you meet the criteria for modification under MCL

3

600.3205c(1) and foreclosure is not allowed under MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

*Id.*[2]

However, neither Plaintiff nor anyone acting on her behalf ever requested a meeting to negotiate a possible loan modification within the 30-day period specified for doing so. [*See* Defendants' Ex. 7, April 10, 2013 Proof of Service of Pre-Foreclosure Notice and Affidavit of Thomas A. Ford of Potestivo & Associates, P.C.][3]  Therefore, Deutsche Bank proceeded with foreclosure by advertisement.

The Notice of Foreclosure was published for four consecutive weeks in *The Macomb Daily*, beginning on April 11, 2013.  The final publication of the foreclosure notice occurred on May 2, 2013.  The notice was also posted on the property beginning on April 17, 2013.

A Sheriff's Sale was originally scheduled for May 10, 2013.  However, at the eleventh hour, Plaintiff obtained a Temporary Restraining Order from the Macomb County Circuit Court.  *See* Defendants' Ex. 6.  This TRO, however, did not require Defendants to halt the Sheriff's Sale; rather it merely enjoined Defendants from "... altering, concealing or destroying any books and records..."  *See id.*  Nonetheless, when

---

[2]  These notice provisions track the provisions of M.C.L. § 600.3205a.

[3]  In her brief, "Plaintiff disputes that she did not contact Defendants and make an effort to save her home." [*See* Plaintiff's Brief at p. 8]. However, other than this bare assertion, Plaintiff has failed to come forward with any evidence showing that she complied with the statutory requirements for requesting a mortgage loan modification.

4

the Deputy Sheriff who was to conduct the sale was presented with the TRO, the sale was adjourned. Ultimately, after being advised that the TRO did not enjoin Defendants from moving forward with the sale, it was rescheduled and held on May 17, 2013. Deutsche Bank was the high bidder at the sale and purchased the property for $242,913.23. A Sheriff's Deed was issued that same day. *See* Defendants' Ex. 7. The Sheriff's Affidavit of sale noted that the six-month redemption period provided under M.C.L. § 600.3240(8) would end on November 17, 2013. *See id.*

Meanwhile, on May 10, 2013, Plaintiff filed a three-count Complaint in the Macomb County Circuit Court. Count I of the Complaint alleges a claim of Quiet Title; Count II alleges a claim of violation of M.C.L. § 600.3205; and Count III alleges a claim for injunctive relief. Defendants timely removed the case to this Court on June 10, 2013, and now move to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## III. DISCUSSION

### A. APPLICABLE STANDARDS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

5

legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550

U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and

citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual

allegations, accepted as true, "must be enough to raise a right to relief above the

speculative level," and "state a claim to relief that is plausible on its face." *Twombly,* 550

U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at

1949. The plausibility standard, however, "asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct.

1955). Applying the foregoing standards, the Court concludes that Defendants' Motion to

Dismiss in this case should be granted.

B.      PLAINTIFF HAS FAILED TO DEMONSTRATE THAT DEFENDANTS
        FAILED TO COMPLY WITH THE REQUIREMENTS OF THE
        FORECLOSURE-BY-ADVERTISEMENT STATUTE.

        The basis of both Plaintiff's quiet title claim (Count I) and her claim of breach of

6

M.C.L. § 600.3205 (Count II) is Defendants' alleged failure to comply with the loan modification procedures set forth in M.C.L. § 600.3205.  The specific violations complained of are that Defendants allegedly

- failed to complete the Loan Modification process and subsequently and apparently denied Plaintiff a Loan Modification; and

- failed to send Plaintiff a denial letter with the calculation

[Complaint ¶ 32(b), (c)].

Plaintiff does not dispute that she timely received the January 15, 2013 Pre-Foreclosure Notice.  In order to obtain a loan modification to avoid foreclosure, both the Pre-Foreclosure Notice Plaintiff received and the Michigan foreclosure-by-advertisement statute, M.C.L. § 600.3205a , required that Plaintiff request a meeting within thirty days, either with Defendants' designated agent (Potestivo & Associates - Home Retention Department) or with one of the approved housing counselors on the Michigan State Housing Development Authority list that was provided to her along with the Notice. Although Plaintiff states generally that she "contacted the Defendants in order to obtain a Loan Modification," [Complaint ¶ 32(a)], nowhere does she state that she contacted the mortgage lender's specified "designated agent" or one of the approved housing counselors as required under the statute, or that she did so before February 15, 2013. Plaintiff's bare assertion that she "contacted the Defendants," without more,  does not provide sufficient "factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678.

Having failed to show that she satisfied the statutory preconditions for consideration for a loan modification, Plaintiff's Complaint claims fail as a matter of law.

Moreover, even if Plaintiff had demonstrated that she timely complied with the statute's requirements and timely requested a meeting with the lender's agent or an approved counselor, Michigan law does not require that a lender *ipso facto* modify a loan. All that the statute requires is that if a borrower timely requests a meeting, the lender is required to *meet* with the borrower *to attempt* to work out a modification.

The statute also provides that the lender has 10 days from being contacted by the borrower to request the borrower to provide any documents it deems necessary to determine whether the borrower is eligible for a loan modification. M.C.L. ¶600.3205b(2). The borrower is allowed 60 days from the date of the Pre-Foreclosure Notice to provide any requested documents. *Id.* If the borrower does not timely provide the requested documents, or if no agreement is reached, unless the borrower can establish that she meets the statutory criteria for loan modification set forth in M.C.L. § 600.3205c,[4] the only relief afforded the borrower is that foreclosure proceedings are

---

[4] M.C.L. § 600.3205c requires that in making the determination as to whether a borrower qualifies for a loan modification, the lender use a loan modification program or process that includes all of the following features:

(a) A target ratio of the borrower's housing-related debt to the borrower's gross income of 38% or less, on an aggregate basis. Housing-related debt under this subdivision includes mortgage principal and interest, property taxes, insurance, and homeowner's fees.

(b) To reach the 38% target specified in subdivision (a), 1 or more of the

delayed and may not be commenced until 90 days after the date the Pre-Foreclosure

Notice was mailed to the borrower. M.C.L. §§ 600.3205a(e); 600.3205b(2).

Plaintiff here has not shown nor even alleged that she meets the Section 3205c

statutory criteria.  Therefore, as Defendants did not commence foreclosure-by-

advertisement until April 11, 2013 -- i.e., 90 days after the date of her Pre-Foreclosure

Notice -- no statutory violation has been shown. Simply stated, Plaintiff has been

afforded all of the relief available to her under the statute.

Moreover, even if Plaintiff had demonstrated that Defendants failed to comply

with the provisions of the statute, the only relief to which she would be entitled under

Michigan law is to convert the foreclosure by advertisement to a judicial foreclosure.  *See*

M.C.L. § 600.3205c(8):

If a mortgage holder or mortgage servicer begins foreclosure proceedings

_____

following features:

> (i) An interest rate reduction, as needed, subject to a floor of
> 3%, for a fixed term of at least 5 years.

> (ii) An extension of the amortization period for the loan term,
> to 40 years or less from the date of the loan modification.

> (iii) Deferral of some portion of the amount of the unpaid
> principal balance of 20% or less, until maturity, refinancing
> of the loan, or sale of the property.

> (iv) Reduction or elimination of late fees.

M.C.L. § 600.3205c.

under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure.  If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1) . . . , the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31 [as a judicial foreclosure].

*Id.*

The statute does not provide a plaintiff with a cause of action to quiet title, enable her to avoid foreclosure, or permit the recovery of damages or any other relief.  Courts have examined this issue on multiple occasions and have concluded that a borrower's sole relief for a purported violation of the loan modification statutes is to seek to convert the foreclosure sale to a judicial foreclosure.  *See e.g., Stein v. U.S. Bancorp*, 2011 WL 740537 at * 9-10 (E.D. Mich. Feb. 14, 2011) (Cook, J.) (the sole remedy available to plaintiff is that "the mortgagee is not permitted to [ ] foreclosure by advertisement, and must instead proceed via judicial foreclosure."); *Adams v. Wells Fargo Bank, N.A.*, 2011 WL 3500990 at *4 (E.D. Mich. Aug. 10, 2011) (Battani, J.) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure."); *Ellison v. JPMorgan Chase, N.A.*, 2012 WL 4513799 at *5 (E.D. Mich. Oct. 2, 2012) (Cohn, J.) (the statute "does not require Chase to modify any specific loan, and it does not provide any basis for

10

unwinding the foreclosure. . . . the borrower's sole relief for an alleged violation of the

loan modification statutes is to seek the conversion of the foreclosure sale to a judicial

foreclosure, prior to the sale."); *see also Benford v. CitiMortgage, Inc*., 2011 WL

5525942 at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("To the extent that Plaintiff has

asserted a violation of [the loan modification statutes], his claim fails because the statute

does not permit the Court to set aside a completed foreclosure sale. . . . The statute

plainly requires the borrower to seek his remedy prior to the completion of the

foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure. A

borrower may not challenge a completed foreclosure sale under this statute.")

In support of her opposition to Defendants' motion, Plaintiff relies upon *Mitan v.

Federal Home Loan Mtg. Corp.*, 703 F.3d 949 (6th Cir. 2012), in which the Sixth Circuit

held that a lender's failure to follow the loan modification procedures set forth in the

Michigan foreclosure-by-advertisement statutes was a structural defect rendering the

foreclosure on the plaintiff's property void.  Plaintiff, however, overlooks the fact that the

holding in *Mitan* was abrogated by the Michigan Supreme Court's ruling nine days later

in *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012).  The

Sixth Circuit has since recognized that *Kim* abrogated *Mitan*.  *See Mourad v. Homeward

Residential, Inc.*, 517 F. App'x 360, 367 (6th Cir. 2013).

Plaintiff's attempt to challenge Defendants' authority to foreclose based on the

alleged invalid assignment of the mortgage also is without merit.  As a non-party to the

11

assignment, Plaintiff's claims concerning the invalidity of the assignment are barred. *Estate of Jerry Malloy v. PNC Bank*, 2012 WL 176143, *5 (Jan. 23, 2012)(citing *Livonia Props. Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir.2010), *cert. denied*, ___ U.S. ___, 131 S.Ct. 1696 (2011)). Moreover, even if she did have standing to challenge the assignment generally, Plaintiff is not a party to or a third-party beneficiary of the pooling and servicing agreement and thus lacks standing to assert a claim that any breach of the PSA rendered the assignment null and void. *See id*.; *see also Moss v. Wells Fargo Bank, N.A.*, 2012 WL 1050069 at *6 (E.D. Mich. Mar.28, 2012); *Kapila v. Bank of N.Y. Mellon*, 2012 WL 4450816 at *2 (E.D. Mich. Sept. 25, 2012).

In sum, the Court finds that Counts I and II of Plaintiff's Complaint fail to state a claim upon which relief may be granted.

## C.    PLAINTIFF'S CLAIM FOR AN INJUNCTION AND OTHER RELIEF FAILS TO STATE A CLAIM BECAUSE INJUNCTIVE RELIEF IS A REMEDY, NOT A CAUSE OF ACTION

Plaintiff's request for injunctive relief in Count III also must be denied because injunctive relief is a remedy and not an independent cause of action. *Terlecki v. Stewart,* 278 Mich. App. 644, 663, 754 N.W.2d 899 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action.")  "It is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy." *Henry v. Dow Chem. Co.*, 473 Mich. 63, 96-97, 701 N.W.2d 684, 701 (2005).  Therefore,

a plaintiff cannot advance a request for an injunction without a legally cognizable

underlying substantive cause of action.  *Terlecki, supra.* Plaintiff's Count III in this case

purports to state a separate request for injunctive relief, and, thus, fails to state a claim.

To the extent injunctive relief is requested as a remedy, as Plaintiff has failed to state a

legally cognizable claim to quiet title or for breach of M.C.L. § 600.3205, she has no

underlying cause of action upon which a request for injunctive relief may be based.  As

such, Plaintiff's Count III must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief may be granted.[5]


<u>CONCLUSION</u>

For all of the reasons stated above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss **[Dkt. # 4]** is

---

[5]  It is this Court's general practice to provide a plaintiff with an opportunity to amend his Complaint when faced with a dismissal that is readily curable because slight defects should not condemn an otherwise viable complaint.  This practice need not be followed here, however, because amendment of Plaintiff's Complaint would be futile. *See, e.g., Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). Moreover, although Plaintiff submitted a lengthy response to Defendants' motion, she never requested an opportunity to amend her Complaint, nor did she hint at any additional facts she would incorporate in an amended complaint that would cure her deficiencies.  Accordingly, this Court declines to provide Plaintiff with an opportunity to amend.  *See, e.g., Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) ("The district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought.") (internal quotation marks and citations omitted); *Lewis v. Wheatley*, ___ F. App'x ___, 2013 WL 2450634, at *3 (6th Cir. June 7, 2013) (amendment is futile when, among other things, a plaintiff does not "provide[] any additional factual allegations that [she] would submit in an amended complaint").

13

GRANTED.  Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Complaint be DISMISSED, in its

entirety, with prejudice.

Let Judgment be entered accordingly.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  October 18, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on October 18, 2013, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135