UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA RILEY JACKSON,

                    Plaintiff,                    No. 13-12538

vs.                                              Hon. Gerald E. Rosen

OCWEN LOAN SERVICING, LLC, et al.,

                    Defendants.
_____/

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 27, 2013

PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

On October 18, 2013, the Court entered an Opinion and Order and Judgment

dismissing Plaintiff's Complaint in its entirety, with prejudice.  Plaintiff now seeks

reconsideration of the Court's Order and Judgment contending that the Court erred in not

ruling on Plaintiff's "Alternative Motion to Convert the Foreclosure by Advertisement to

a Judicial Sale."  This motion, however, was never before this Court as Plaintiff filed that

motion in the Macomb County Circuit Court before the case was removed to this Court

and never renewed the motion in this Court after removal.

The requirements for the granting of motions for reconsideration are set forth in

1

Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(1), (3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, she must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). Defendant's motion for reconsideration in this case does just that -- it presents the same issues already ruled upon by the Court, ***either expressly or by reasonable implication***.

As indicated, Plaintiff's motion for reconsideration is predicated upon the Court's failure to rule on a motion Plaintiff made in state court, as an alternative to a motion for temporary restraining order, to convert the foreclosure by advertisement of her property to

a judicial foreclosure.[1]

Conversion to judicial foreclosure, however, is not available to a borrower-plaintiff unless it is established that "(1) the borrower participated in the [loan modification] process under section 3205b [M.C.L. § 600.3205b], (2) a modification agreement was not reached, and (3) *the borrower is eligible for modification under [section 3205c]*."  M.C.L. § 600.3205c(8).  (Enumeration and emphasis added.)

As the Court found in ruling upon the Defendants' Motion to Dismiss, "Plaintiff here has not shown nor even alleged that she meets the Section 3205c statutory criteria" to show that she was eligible for a loan modification.  [*See* October 18, 2013 Opinion and Order, Dkt. # 8, p. 9.]  Therefore, the Court has already ruled -- if not expressly then at least by reasonable implication -- that Plaintiff is not entitled to an order converting the foreclosure by advertisement to a judicial foreclosure.  Accordingly, she is not entitled to reconsideration of the Court's October 18, 2013 Opinion and Order and Judgment.

---

[1]  A copy of "Plaintiff's Motion for Temporary Restraining Order or in the Alternative Motion to Covert the Foreclosure by Advertisement to a Judicial Sale" motion was attached as one of the exhibits to Defendants' Notice of Removal.  [*See* Dkt. # 1-2, pg. ID 35].  The state court entered a TRO and Show Cause Order on May 10, 2013, and scheduled the matter for a show cause hearing to be held ten days later.  *Id.* pg. ID 54-55.  However, on the same day that the state court entered its Show Cause Order, Defendants removed the case to this Court.  Since the time the case was removed, however, Plaintiff never sought adjudication of her motion by this Court.

3

<u>CONCLUSION</u>

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 10]** is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  November 27, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 27, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135